# Exhibit 8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE 1, JANE DOE 2,
JANE DOE 3, JANE DOE 4,
JANE DOE 5, JANE DOE 6,
JANE DOE 7, JANE DOE 8,
JANE DOE 9, JANE DOE 10,
and JANE DOE 11,
on behalf of themselves and
others similarly situated,

    Plaintiffs,

-vs-

MATTHEW WEISS; the REGENTS
OF THE UNIVERSITY OF MICHIGAN;
the UNIVERSITY OF MICHIGAN;
KEFFER DEVELOPMENT SERVICES,
LLC., DEVELOPMENT SERVICES, LLC,

    Defendants.

Case No. 2:25-cv-10946-JJCG-APP

HON. MARK A. GOLDSMITH

MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

_____

## PLAINTIFFS' MOTION FOR STATUS CONFERENCE

Plaintiffs motion this court pursuant to Fed. R. Civ. P. 16 to hold a status conference as soon as practicable for the several related cases arising from the Matt Weiss privacy invasions claims pleaded herein, to discuss the many case management issues in this and related actions. Plaintiffs rely upon the Memorandum and exhibits attached in support of their Motion.

2

Pursuant to L.R. 7.1 Plaintiffs have sought concurrence from Defendants, who did not yet reply, but whom likely agree as to at least coordination and the setting of a case management conference in as much as they filed their own motion for coordination and seeking a status conference in Case No. 25-10806.

Dated: April 17, 2025

Respectfully submitted,

SOMMERS SCHWARTZ, P.C.

*/s/ Jason J. Thompson*
Jason J. Thompson (P47184)
Lisa M. Esser (P70628)
Richard L. Groffsky (P32992)
Matthew G. Curtis (P37999)
Southfield, Michigan, 48076
(248) 355-0300
JThompson@sommerspc.com
LEsser@sommerspc.com
RGroffsky@sommerspc.com
MCurtis@sommerspc.com

PITT MCGEHEE PALMER
BONANNI & RIVERS
Megan A. Bonanni (P52079)
Kevin M. Carlson (P67704)
Beth M. Rivers (P33614)
Danielle Y. Canepa (P82237)
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
mbonnani@pittlawpc.com
kcarlson@pittlawpc.com
brivers@pittlawpc.com
dcanepa@pittlawpc.com

*Attorneys for Plaintiffs*

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE 1, JANE DOE 2,
JANE DOE 3, JANE DOE 4,
JANE DOE 5, JANE DOE 6,
JANE DOE 7, JANE DOE 8,
JANE DOE 9, JANE DOE 10,
and JANE DOE 11,
on behalf of themselves and
others similarly situated,

    Plaintiffs,

-vs-

MATTHEW WEISS; the REGENTS
OF THE UNIVERSITY OF MICHIGAN;
the UNIVERSITY OF MICHIGAN;
KEFFER DEVELOPMENT SERVICES,
LLC., DEVELOPMENT SERVICES, LLC,

    Defendants.

Case No. 2:25-cv-10946-JJCG-APP

HON. MARK A. GOLDSMITH

MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

_____

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
## FOR STATUS CONFERENCE

    As the Court is no doubt aware, it currently has several cases on its docket that involve data hacking by former University of Michigan Assistant football coach Matthew Weiss of over 3,000 young women's private information. The filed complaints all allege the same basic invasion of privacy and name as defendants the University of Michigan, the Regents of the University of Michigan, athletic medical training data provider Keffer Development Services, LLC, ("Keffer") as well as Mr.

Weiss.[1]  However, none of the complaints tell the entire story, or include any of the other schools responsible for the invasion of privacy claims of many of the student athlete putative class members.

Mr. Weiss has been invading female, and some male, athletes' privacy since 2015, or possibly even before.  He has done so while employed by the University of Michigan, but also while employed by other institutions or companies.  He has utilized information from the Keffer data files to accomplish his work but also hacked directly into university systems likely without Keffer. His activities span the country, from Massachusetts to California and from Michigan down to North Carolina.

In short, while all parties are correct to suggest a status conference, and the instant plaintiffs join that request, the litigation landscape, number of cases, and thus management issues, is much larger than any of them have addressed in their motions.

A. **Consolidation Pursuant to Rule 42(a)**

Certainly, consolidation pursuant to Fed. R. Civ. P. 42(a), to the extent it remains an open question, is warranted. The University of Michigan Defendants have already agreed to consolidation. *See*, Case No. 25-10806, Dkt. No. 22.  In that request, Plaintiffs concur.  This includes even if Keffer's counsel has not appeared.

---

[1] On Wednesday April 16th counsel for Keffer, Dillon McCandless King Coulter & Graham LLP from Pennsylvania, emerged by way of letter and to propose accepting service. Exhibit 1.

2

*Manual for Complex Litigation 4th* §*10.* (hereafter "*MCL 4th*")("The judge should hold an initial pretrial conference under Rule 16 as soon as practical (many judges hold the conference within thirty to sixty days of filing), even if some parties have not yet appeared or even been served.").

B.   **Early Case Management Conference and Pending Motions**

An early case management conference discussion should involve the full set of cases, defendants, and jurisdictions involved.

Several pretrial procedures are recommended for the Court's consideration, including:

- Creating a single master file for consolidating filings with the clerk
- Extending time to file a response to the complaint
- Ordering a master consolidated complaint be filed by plaintiffs
- Establish service of process rules to streamline service issues
- Order paper and electronic records be preserved
- Order any motions, discovery, or other discovery be filed by Interim Lead Class Counsel
- Appoint Interim Lead Class Counsel
- Order the parties to meet and confer as to a reasonable number of depositions, interrogatories, and other discovery matters; stipulations of fact and law, and other aspects of the litigation
- Order the parties to submit a proposed Scheduling Order for discovery, class certification briefing, expert depositions and other important dates.

In addition to the issues raised in the several filed motions in the related cases, the undersigned suggest the conference should include discussions as to a uniform process for the identification and preservation of evidence and for use of pseudonyms.

3

The attorneys who have filed the cases are familiar with the facts and issues in the case and should play a significant part in developing the litigation plan and should have primary responsibility for its execution. *Id.* at §10.1.13. The Court's order setting the first case management conference might include an express requirement for lead counsel from each case to meet among themselves, and then confer with Defendants to discuss these and any other questions.[2]

## C.  Additional Cases Filed and Anticipated

On Thursday April 17th another putative class action complaint arising out the Weiss privacy invasions was filed in the Northern District of Illinois. *See*, Exhibit 2. that complaint names Loyola University along with Mr. Weiss as Defendants.

In addition, lawyers from Sommers Schwartz, P.C. and Pitt McGehee Palmer Bonanni & Rivers have been contacted by dozens of women (and a few men) who attended over twenty schools. *See*, Exhibit 3, Declaration of Jason J. Thompson at ¶9. Over fifty of these students have retained the two firms to represent them including twenty-eight of them which have received letters from the United States Department of Justice ("DOJ") confirming that they in fact have suffered an invasion of their private data. *Id.* at ¶10

Sommers Schwartz and the Pitt Law Firm have prepared class action complaints against several other colleges or universities as defendants that are not

---

[2] See, for example, the initial case management Order suggested in *MCL 4th* § 40.21.

4

named in any of the cases pending in this court, including, California State – San Bernardino; High Point University, Shaw University, and Wake Technical Community College (North Carolina); Malone University (Ohio); and Simmons University (Massachusetts). *Id*. at ¶15. The complaints will be filed next week in the Middle District of North Carolina, Northern District of Ohio, District of Maryland and the Central District of California. Therefore, the undersigned suggest the case management conference should include discussions as to a motion for an MDL pursuant to 28 U.S.C. §1407 or transfer of actions form other jurisdictions pursuant to 28 U.S.C. §1404(a). ("[f]or the convenience of parties and witnesses, in the interest of justice . . .transfer any civil action to any other district or division where it might have been brought."). When transfer of all cases to a single court for centralized management is not possible the affected courts can still use informal means to coordinate proceedings to the extent practicable. *MCL 4th 10.13*.

At a case management conference, Sommers Schwartz and the Pitt Law Firm will be prepared to address not only the case management issues that have been identified in the motion papers filed in this court, but also those that arise in mutijurisdictional litigation, which this litigation has now become. *MCL 4th §§10.225; 20.14; and 20.31*.

5

**D.    Interim Class Counsel**

The appointment of interim class counsel criteria are set forth in Fed. R. Civ. P. 23(g)(1) and (3) and require the court to select from among the several capable firms and lawyers who have filed cases. *See MCL 4th§10.224*. The fact that the scope of this litigation is rapidly expanding, and multiple putative class action complaints have been filed, makes it appropriate for this court to consider early appointment of interim class counsel. *MCL 4th§21.11*. To begin, appointment of interim class counsel is particularly useful when several law firms have filed overlapping, duplicative or competing suits and a number of lawyers may compete for class counsel appointment. *Id.* Similarly, controlling expenses and avoiding any duplication of efforts is an important aspect to effectively managing a class action on behalf of a Plaintiffs' Class. *MCL 4th §10.22*.

Second, Defendants have indicated their intent to file Rule 12(b)(6) motions to dismiss. *See*, Case No. 25-10806, Dkt. No. 22. Historically, many if not all the arguments in such motions will apply equally across the cases and class members. Thus, streamlining the process through a briefing schedule that includes filing of a consolidated class action complaint makes sense. That, in turn, requires the many cases, claims and plaintiffs to in fact consolidate, and prepare a joint brief in opposition to the motion to dismiss. It is only through an organized plaintiff's leadership structure that this is even possible.

Appointment of interim class counsel will, among the many benefits outlined above, also ensure that the class is not receiving conflicting information and provide the Court with a strong measure of accountability as to what information the class is receiving about the litigation and their rights. As others have suggested, a briefing schedule for interim class counsel appointment should be set for anyone wishing to be considered for lead counsel to address the relevant criteria.[3]

## CONCLUSION

In conclusion, due to the number of lawyers and lawsuits already on file, the number of related cases expected to be filed, and the fact that motion practice has begun, both by Defendants and various plaintiff lawyers, Plaintiffs request the court schedule a Rule 16 status conference as soon as practicable during which the lawyers and court can discuss the many pending cases, soon to be filed cases, and related case management issues.

Dated: April 17, 2025

Respectfully submitted,

SOMMERS SCHWARTZ, P.C.

*/s/ Jason J. Thompson*
Jason J. Thompson (P47184)
Lisa M. Esser (P70628)
Richard L. Groffsky (P32992)
Matthew G. Curtis (P37999)
One Towne Square, Suite 1700

---

[3] To the extent the Court desires to appoint interim class counsel now, the undersigned counsel move for appointment and submit their bios in support. *See* Exhibit 3, Declaration of Jason J. Thompson, Exhibits A and B.

7

>Southfield, Michigan, 48076
>(248) 355-0300
>JThompson@sommerspc.com
>LEsser@sommerspc.com
>RGroffsky@sommerspc.com
>MCurtis@sommerspc.com
>
>PITT MCGEHEE PALMER
>BONANNI & RIVERS
>Megan A. Bonanni (P52079)
>Kevin M. Carlson (P67704)
>Beth M. Rivers (P33614)
>Danielle Y. Canepa (P82237)
>117 W. Fourth Street, Suite 200
>Royal Oak, MI 48067
>(248) 398-9800
>mbonnani@pittlawpc.com
>kcarlson@pittlawpc.com
>brivers@pittlawpc.com
>dcanepa@pittlawpc.com
>
>*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system.

>*/s/ Jason J. Thompson*
>Jason J. Thompson (P47184)

8